CV19 5487 RBL

1  **Scott A. Whittington**
   P. O. Box 2147
2  Woodland, Washington 98674-0020
   *In Propria Persona*
3



FILED _____ LODGED
_____ RECEIVED
JUN 03 2019
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

# United States district court[1]
# Western District (sic) of Washington

In re: Third Party Summonses:

| | |
|---|---|
| Scott A. Whittington, | Case # |
| Complainant, | Petition to Quash Third Party Summons re Scott A. Whittington |
| v. | |
| Internal Revenue Service; Internal Revenue Agent Brad Marler, (Idaho Falls, Idaho); and, Unspecified Group Manager Steve Dyson (Nevada) | Alternatively, Petition for Extraordinary Writ: Writ of Prohibition |
| Respondents. | |

I.   Comes now Scott A. Whittington, as a Private Citizen of Washington; and, pursuant to the INTERNAL REVENUE CODE, <u>26 USC §§ 7609(b)(2)</u> and <u>7603</u>, and 28 U.S.C. § 1651, and hereby moves this court to quash the administrative summons – issuing from Idaho, directed to a company in California, regarding me, in Washington state – by a "Brad Marler" (sic), and purportedly "approved" by "Steve Dyson" (situated in Nevada) employee of the Internal Revenue Service, an agency of the federal government, "In the Matter of SCOTT A WHITTINGTON, PO BOX 2147, WOODLAND, WA 98674-0020" (sic), to:

---

[1] As specified in Form 2039 (Rev. 12-2008) Catalog Number 21405J.

Private Citizen Scott A. Whittington v. IRS, et al
Petition to Quash / Petition for Writ of Prohibition re Summons re Scott A. Whittington
Page 1 of 11

  A. "TOMARCO, at "14848 NORTHAM ST, LA MIRADA, CA 90638"; (sic) Received on the 29th day of May, 2019, purportedly pertaining to "Period information: Form 1040 for the calendar periods ending December 31, 2006, December 31, 2007, December 31, 2008, December 31, 2009 and December 31, 2010" (sic) (See AFFIDAVIT OF SCOTT A. WHITTINGTON, and its Exhibit A, 5th page "Attachment 1 to Summons Form 2039").

II. This court has jurisdiction pursuant to the above referenced Public Laws, and U.S. Code sections.

III. This petition is supported by the following MEMORANDUM OF POINTS AND AUTHORITIES, and AFFIDAVIT of Private Citizen Scott A. Whittington to be filed concurrently herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

IV. PROCEDURAL REQUIREMENTS

  A. To obtain enforcement of a summons, the IRS must first establish its "good faith" by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code. <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964).

V. FACTUAL BACKGROUND

  A. On or about the 29th day of May, 2019, I, Scott A. Whittington, of Washington, received the documents identified herein and found in Exhibit A by email from officers or employees of "TOMARCO, at "14848 NORTHAM ST, LA MIRADA, CA 90638", consisting of a Form 2039 summons "In the matter of: SCOTT A WHITTINGTON, PO BOX 2147, WOODLAND, WA 98674-0020" (Exhibit A, page 1), apparently issued and signed by a Brad Marler, identified in the "Attestation" thereof as "REVENUE OFFICER, 1000395675", of the Internal Revenue Service, an agency of the federal government, giving a business address as "1820E 17TH ST, STE 290. IDAHO FALLS ID 83404-6469" (sic).

  B. Exhibit A's Form 2039 summons specifies, in its "header" section (above the

Private Citizen Scott A. Whittington v. IRS, et al
Petition to Quash / Petition for Writ of Prohibition re Summons re Scott A. Whittington
Page 2 of 11

Caption: "The Commissioner of Internal Revenue"), specifies:

"Periods: **See Attachment 1 to Summons Form 2039 for Period Information**" (bold emphasis in original).

    1.    Whatever I may or may not owe the IRS for the periods identified in "attachment 1 to Summons Form 2039" (Exhibit A, page 5) to which TOMARCO is directed on page one, has been adjudicated in United States Tax Court (USTC) in June, 2015 (Exhibit B) and upheld in 9th Circuit Court of Appeals years ago. (See AFFIDAVIT OF SCOTT A. WHITTINGTON, and its Exhibit B, T.C. Memo. 2015-152, Filed August 11, 2015).

C.    Exhibit B establishes that the "Period information: Form 1040 for the calendar periods ending December 31 , 2006, December 31 , 2007, December 31, 2008, December 31, 2009 and December 31 , 2010" (Exhibit A, page 5)

    1.    is in IRS' possession,

    2.    that "determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability" has long been completed; (Exhibit B) and, in fact,

    3.    those "periods" have already been adjudicated (as has December 31, 2011) (Exhibit B), and that the Form 2039 summons issued and signed by Brad Marler is an abuse of administrative authority.

VI.    ARGUMENT

A.    Brad Marler's Form 2039 summons "In the matter of: SCOTT A WHITTINGTON, PO BOX 2147, WOODLAND, WA 98674-0020", seeking information regarding "Period information: Form 1040 for the calendar periods ending December 31 , 2006, December 31 , 2007, December 31, 2008, December 31, 2009 and December 31 , 2010" (Exhibit A, page 5), as identified, (Exhibit A, page 1) "Periods: **See Attachment 1 to Summons Form 2039 for Period Information**"; bold emphasis in original)

B.    fails to meet <u>Powell</u>'s first "good faith" test, *i.e.*, showing that the summons: (1) is issued for a legitimate purpose; <u>United States v. Powell</u>, 379 U.S., at 57,

Private Citizen Scott A. Whittington v. IRS, et al
Petition to Quash / Petition for Writ of Prohibition re Summons re Scott A. Whittington
Page 3 of 11

    1. necessarily failing to meet <u>Powell</u>'s second "good faith" test, *i.e.*, showing that that the inquiry may be relevant to the (legitimate) purpose; Id.,

    2. fails to meet <u>Powell</u>'s third "good faith" test, *i.e.*, showing that the information sought[2] is not already within the Commissioner's possession; Id., at 57-58.

C.   Exhibit A, page 1, the "Attestation" to Brad Marler's Form 2039 summons "In the matter of: SCOTT A WHITTINGTON, PO BOX 2147, WOODLAND, WA 98674-0020", "1820 E 17TH ST, STE 290. IDAHO FALLS ID 83404-6469" (sic), also establishes that said "Summons" fails to meet <u>Powell</u>'s fourth "good faith" test, " satisfies all administrative steps required by the United States Code. <u>United States v. Powell</u>, 379 U.S., at 58.

    1. The first of those administrative steps, quoting <u>Powell</u>, is: "-- in particular, that the 'Secretary or his delegate,' after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect."

Marler not only failed to notify me; his Form 2039 summons specifically noted that "this summons is exempt from the notice requirements"[3];

    2. Although found at pages 55-56, <u>Powell</u> referenced 61 Cong.Rec. 5855 (Sept. 28, 1921). [Footnote 13],

"Congress recognized a need for a curb on the investigating powers of low echelon revenue agents, and considered

Page 379 U. S. 56

that it met this need simply and fully by requiring such agents to clear any repetitive examination with a superior." (formatting in original[4])

While there is, indeed, a "Signature of Approving Officer" included in , the "Attestation" (apparently in an attempt to "fake" compliance with "Congress recognized... need... by requiring such agents to clear any repetitive examination

---

[2] "Period information: Form 1040 for the calendar periods ending December 31 , 2006, December 31 , 2007, December 31, 2008, December 31, 2009 and December 31 , 2010" (Exhibit A, 5th page)
[3] Raising additional issues discussed below.
[4] https://supreme.justia.com/cases/federal/us/379/48/

Private Citizen Scott A. Whittington v. IRS, et al
Petition to Quash / Petition for Writ of Prohibition re Summons re Scott A. Whittington
Page 4 of 11

with a superior"), that "Signature of Approving Officer" is the signature of Brad Marler, himself, purporting to be "for Steve Dyson", identified in said "Attestation" as "Group Manager" at "1820 E 17TH ST, STE 290. IDAHO FALLS ID 83404-6469". A cursory review of Exhibit A, page 6, shows Steve Dyson's Title as "Manager" (not specifying any Group), with a Nevada phone number.

    3.    Marler's Form 2039 summons (Exhibit A, page 1) makes a cursory "request" that includes

"Copies of all contracts with Scott Whittington, Seismic Support Services LLC or related entities including but not limited to sales contracts or employment contacts (sic).

"Front and back copy of payment instruments to Scott Whittington, Seismic Support Services LLC or related entities from 01/01/2017 to date of compliance.

"Copy of all 1099s issued to Scott Whittington, Seismic Support Services LLC or related entities."

B.    The administrative history[5] leading up to Exhibit B (which includes Form(s) 1065 and accompanying K-1(s)) establishes that IRS (and therefor, Marler) is fully aware that

    4.    no "contracts with… including… sales contracts or employment contacts (sic)", no "payment instruments to", and no "1099s issued to" Scott Whittington (as an individual) exist; that

    5.    any and all "contracts" were between TOMARCO (a California company) and Seismic Support Services LLC (a Delaware LLC); and that

    6.    any such contracts were – legitimately – signed *for and on behalf of* Seismic Support Services LLC (a Delaware LLC)

C.    I contend that IRS's established knowledge (Exhibit B) necessarily establishes

---

[5] Which began with a to a campaign of correspondence no later than January 4, 2010, with "information requests" to Seismic Support Services, LLC, that failed to comply with written guidance in the Internal Revenue Manual (Partnership - Audit Techniques Guide (ATG); LMSB-04-1007-070 Revised 10/2007) and proceeded through years up to and including the present.

Private Citizen Scott A. Whittington v. IRS, et al
Petition to Quash / Petition for Writ of Prohibition re Summons re Scott A. Whittington
Page 5 of 11

that the reference "from 01/01/2017 to date of compliance" within (Exhibit A, page 1) – viewed in light of Brad Marler's own hand providing the "Signature of Approving Officer" in the "Attestation" on his own Form 2039 summons (Exhibit A, page 1) – demonstrates the strong likelihood that such "request" was intended to add a thin veneer of "legitimate purpose" to appear to be in compliance with Powell's first "good faith" test, *i.e.*, to show that the summons: (1) is issued for a legitimate purpose; United States v. Powell, 379 U.S. 48, at 57.

D. Regarding Marler's failure to notify me (see comment under ¶ VI., C., 1., and *n*. 3) and his Form 2039 summons' specific note that "this summons is exempt from the notice requirements", it should be noted that Marler included (Exhibit A, page 4) "Sec. 7609. Special procedures for third-party summons" (notwithstanding his "is exempt" note).

1. If, as a matter of law, Marler's Form 2039 summons "is exempt from the notice requirements", that exemption may only be used under 26 U.S.C. § 7609. This is because NOTICE OF CONTACT OF THIRD PARTY CONTACTS (capitalization mine) to me, is REQUIRED by 26 U.S.C. § 7602(c)(1), (2).

   a. I certainly did not "authorize" contact, 26 U.S.C. § 7602(c)(3)(A); and

   b. there is no indication that "the Secretary determines for good cause shown that such notice would jeopardize collection... or... may involve reprisal against any person", 26 U.S.C. § 7602(c)(3)(B); and

   c. the established fact that the "Period information: Form 1040 for the calendar periods ending December 31, 2006, December 31, 2007, December 31, 2008, December 31, 2009 and December 31, 2010" (Exhibit A, page 5), as identified, (Exhibit A, page 1) "Periods: **See Attachment 1 to Summons Form 2039 for Period**

Private Citizen Scott A. Whittington v. IRS, et al
Petition to Quash / Petition for Writ of Prohibition re Summons re Scott A. Whittington
Page 6 of 11

**Information**"; bold emphasis in original) were fully adjudicated in June, 2015 (as was "December 31, 2010") (Exhibit B), *SEE:* ¶¶ V.C.3 and VI.A., above, demonstrates that Marler's Form 2039 summons and his specific note that "this summons is exempt from the notice requirements" cannot justifiably be based upon "any pending criminal investigation", 26 U.S.C. § 7602(c)(3)(C).

    2.    If, in fact, there were such "pending criminal investigation", it could only find exception of the REQUIRED notice provisions of 26 U.S.C. § 7602(c)(1), (2) if it be found in 26 U.S.C. § 7602(d), which would prohibit Marler from issuing – in Idaho – a Form 2039 summons; to a California company; regarding an individual in Washington, *with which individual that California company has never had a contract.*

E.    In the absence of one of 26 U.S.C. § 7602(c)(3)'s "exceptions", there is but one legal way that "exception" may be found: 26 U.S.C. § 7609(c)(2)(D) or (E).

    1.    26 U.S.C. § 7609(c)(2)(A) is unavailing. Marler's Form 2039 summons was not issued to me (in fact, Marler advised TOMARCO that "this summons is exempt from the notice requirements").

    2.    26 U.S.C. § 7609(c)(2)(B) is similarly unavailing. Exhibit B, and the administrative history that led up to it, *See:n.* 5, establishes that IRS (and therefor Marler) is fully aware that contracts existed between TOMARCO, a California company, and Seismic Support Services, LLC, a Delaware LLC, for the "Period information: Form 1040 for the calendar periods ending December 31, 2006, December 31, 2007, December 31, 2008, December 31, 2009 and December 31, 2010" (Exhibit A, page 5), as identified, (Exhibit A, page 1) "Periods: **See Attachment 1 to Summons Form 2039 for Period Information**"; bold emphasis in original) (as well as "December 31, 2011"), making "to determine whether or not records of

Private Citizen Scott A. Whittington v. IRS, et al
Petition to Quash / Petition for Writ of Prohibition re Summons re Scott A. Whittington
Page 7 of 11

the business transaction or affairs of an identified person have been made or kept" inapplicable.

3. Exhibit B, and the administrative history that led up to it, *See: note.* 5, establishes that 26 U.S.C. § 7609(c)(2)(C) is unavailing, as well; neither TOMARCO, a California company, and Seismic Support Services, LLC, a Delaware LLC, is "a bank or other institution described in section 7603(b)(2)(A)". Exhibit B, and the administrative history that led up to it, establishes that.

4. As to 26 U.S.C. § 7609(c)(2)(D), "issued in aid of the collection of- (i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued, or (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i)", I have made clear –, before during and since the "Period information: Form 1040 for the calendar periods ending December 31, 2006, December 31, 2007, December 31, 2008, December 31, 2009 and December 31, 2010" (Exhibit A, page 5), as identified, (Exhibit A, page 1) "Periods: See Attachment 1 to Summons Form 2039 for Period Information"; bold emphasis in original) (as well as "December 31, 2011") were fully adjudicated in June, 2015, that I will comply upon production of record evidence of assessment properly made in compliance with 26 U.S.C. § 6203 and 26 C.F.R. 301.6203-1. I remain where I've been, before during and since the administrative history leading up to Exhibit B began, no later than January 4, 2010. Perhaps Marler should summon the Assessment Officer for the signed "Assessment Certificate" that meets the requirements of 26 C.F.R. 301.6203-1 instead of harassing TOMARCO, a California company. Lastly,

5. This leaves 26 U.S.C. § 7609(c)(2)(E) as the final possible "exception" under 26 U.S.C. § 7602(c)(3). However, as discussed above, 26 U.S.C. §

Private Citizen Scott A. Whittington v. IRS, et al
Petition to Quash / Petition for Writ of Prohibition re Summons re Scott A. Whittington
Page 8 of 11

7602(d) would prohibit Marler from issuing – in Idaho – a Form 2039 summons; to a California company; regarding an individual in Washington, *with which individual* that California company has never had a contract.

Yet, Marler did, in fact, issue – in Idaho – a Form 2039 summons; to a California company; regarding an individual in Washington, *with which individual* that California company has never had a contract.

D.    I contend that Marler's Form 2039 summons – issued in Idaho – is, or should be treated as, a "third party summons" – because it specifically seeks information

1. from a California company;

2. about an individual in Washington (a "third party"),

3. *with which individual* that California company has never had a contract;

information that would most certainly come from

4. that California company's attorney, "contracts with… including… sales contracts or employment contacts (sic)"; or

5. that California company's accountant, "payment instruments to", and "1099s issued",

both of which are defined – with respect to an individual in Washington (a "third party") *with which individual* that California company has never had a contract, as "Third-party Recordkeepers" in 26 U.S.C. § 7603(b)(2), defined : "any attorney", 26 U.S.C. § 7603(b)(2)(E); "any accountant" 26 U.S.C. § 7603(b)(2)(F).

## CONCLUSION; and DEMAND FOR RELIEF

Based upon the foregoing, I, Scott A. Whittington, respectfully demand that Brad

Private Citizen Scott A. Whittington v. IRS, et al
Petition to Quash / Petition for Writ of Prohibition re Summons re Scott A. Whittington
Page 9 of 11

Marler's Form 2039 summons be quashed, or, in the alternative, that a Writ of Prohibition issue, preventing Brad Marler, "REVENUE OFFICER, 1000395675", and signatory to "Signature of Approving Officer" from proceeding upon same; and that

"TOMARCO, at "14848 NORTHAM ST, LA MIRADA, CA 90638" (sic)

be enjoined from complying with Marler's Form 2039 summons.

Entered this 3rd day of June, 2019.

_____
Scott A. Whittington

## CERTIFICATE OF SERVICE

I, Scott A. Whittington, certify that I have served a copy of this Petition to Quash Third Party Summons re Scott A. Whittington Alternatively, Petition for Extraordinary Writ: Writ of Prohibition on this 3rd day of June, 2019 by registered mail:

pursuant to Fed.R.Civ.P. 4(i)(1)(A)(ii), to:

Civil Process Clerk
Attn: Brian T. Moran
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, WA 98402-4305

pursuant to Fed.R.Civ.P. 4(i)(1)(B), to:

William P. Barr, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

pursuant to Fed.R.Civ.P. 4(i)(2), to:

Brad Marler
Internal Revenue Service
1820 E. 17th Street, Suite 290
Idaho Falls, ID 83404-6470

Steve Dyson
Internal Revenue Service
110 City Parkway
Las Vegas, NV 89106

Private Citizen Scott A. Whittington v. IRS, et al
Petition to Quash / Petition for Writ of Prohibition re Summons re Scott A. Whittington
Page 10 of 11

_/s/ Scott A. Whittington_

Scott A. Whittington

CC:
TOMARCO
14848 Northam St.
La Mirada, CA 90638

Private Citizen Scott A. Whittington v. IRS, et al
Petition to Quash / Petition for Writ of Prohibition re Summons re Scott A. Whittington
Page 11 of 11