UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT A. WHITTINGTON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>　　　　　　Defendants. | CASE NO. C19-5487 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS TO AMEND |

This matter comes before the Court on Defendants Steve Dyson, Internal Revenue Service ("IRS"), and Brad Marler's ("Marler") (collectively "Defendants") motion to dismiss, Dkt. 9, and Plaintiff Scott Whittington's ("Whittington") motion to amend, Dkt. 11, and amended motion to amend, Dkt. 16.  The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants Defendants' motion and denies Whittington's motions for the reasons stated herein.

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

On May 21, 2019, Marler, a revenue officer for the IRS, issued an administrative summons on Tomarco Contractor Specialties ("Tomarco").  Dkt. 9-1, ¶¶ 1, 2, 5.  Marler was investigating Whittington and his company's, Seismic Support Services, LLC ("SSS"), tax liabilities for the years 2006 through 2011.  *Id.* ¶ 3, 4.

1        On June 3, 2019, Whittington filed a complaint/petition to quash the third-party

2 subpoena. Dkt. 1.

3        On August 9, 2019, Defendants filed a motion to dismiss arguing that the United

4 States was the real party in interest, Whittington lacks standing to quash a third-party

5 subpoena, and the petition is moot because Marler withdrew the summons. Dkt. 9. That

6 same day Marler issued a new summons commanding Tomarco to appear on August 28,

7 2019 and produce information regarding Whittington and SSS. Dkt. 11-1 at 14–19.

8        On August 13, 2019, Whittington filed a motion to amend seeking to quash the

9 second summons. Dkt. 11. On August 22, 2019, Defendants responded and argued that

10 amendment would be futile because Whittington lacked standing, filed the petition in the

11 wrong venue, and failed to effectuate proper service. Dkt. 14. On September 6, 2019,

12 Whittington replied, Dkt. 15, and filed an amended motion to amend, Dkt. 16. On

13 September 16, 2019, Defendants responded, again arguing that Whittington lacked

14 standing, filed the petition in the wrong venue, and failed to effectuate proper service.

15 Dkt. 18.

## II.  DISCUSSION

17    In this case, the Court agrees with all three arguments presented by Defendants.

18 First, Whittington lacks standing to quash a subpoena on a third-party. Pursuant to 26

19 U.S.C. § 7609(c)(2)(D), when a summons is issued in aid of collection, the person who is

20 identified in the summons need not receive notice under § 7609(a). Here, the summons

21 was issued in aid of collection of Whittington's income tax liabilities. *See* Dkt. No. 9-1,

22 ¶ 3, 5; Dkt. No. 11-1 at 14–19. Consequently, Whittington is not a party who has a right

to notice of the summons, and as such, Whittington does not have standing to bring a proceeding to quash the summons. *Ip v. United States*, 205 F.3d 1168, 1170 n.3 (9th Cir. 2000) ("[i]f a person is not entitled to notice under § 7609(a), he or she has no standing to initiate an action to quash the summons"). Thus, Whittington lacked standing to contest the withdrawn summons and lacks standing to contest the new summons.

Second, "[t]he United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)." 26 U.S.C. § 7609(h)(1). Tomarco is located in the Central District of California. Even if Whittington had standing to contest the subpoena, he must file his petition in that district.

Both of these issues are dispositive and no amended pleading can cure these jurisdictional deficiencies. Therefore, the Court grants Defendants' motions to dismiss and denies Whittington's motions to amend.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss, Dkt. 9, is **GRANTED** and Whittington's motion to amend, Dkt. 11, and amended motion to amend, Dkt. 16, are **DENIED**. The Clerk shall enter a JUDGMENT and close this case.

Dated this 10th day of October, 2019.

BENJAMIN H. SETTLE
United States District Judge